**AIRWAY ELECTRIC APPLIANCE CORP v REPLOGLE et**

Ohio Appeals, 6th Dist, Lucas Co

No 2787. Decided May 22, 1933

Tracy, Chapman & Welles, Toledo, for plaintiff.

Fraser, Hiett, Wall & Effler, Toledo, and Thomas W. Christian, Toledo, for defendants.

ROBERTS, J (7th Dist), sitting in place of RICHARDS, J (6th Dist).

## BY THE COURT

This court · has reached the following conclusions in the above entitled case:

1. The three contracts, Exhibits A, B and C, are to be construed together and require in positive terms that the defendants, D. B. Replogle and F. M. Ray, shall assign, transfer and convey all patents therein referred to and all patents which may, after the execution of Exhibit A, be granted on the product, namely, vacuum cleaner and parts thereof, specified in Exhibits A, B and C, to the trustee as specified in said contracts and the title thereto shall be held by said trustee in accordance with said contracts, and that the plaintiff is entitled to exclusive license to manufacture and sell all the inventions and products made under and by virtue of rights conferred by said patents and applications for said patents, whether said patents have already been issued or applications for patents made or may be hereafter issued or made.

2. That in the contract, Exhibit C, it is expressly agreed and admitted that at the time of its execution there did not exist any cause or ground of forfeiture or cancellation of said Exhibits A and B. This court finds that since the execution of Exhibit C there has been no forfeiture nor cancellation of said agreements, or of the rights of plaintiff under patents or applications for patents.

3. That the defendants are not entitled to reformation on the ground of mutual mistake.

4. That the defendants have failed to maintain by the degree of proof required the defense of estoppel and that there has been no- abandonment by plaintiff of its rights under the contracts.

5. That the defendants are entitled to royalties on gross sales and in determining the amount thereof it is proper to allow credits for returned systems and deduct such credits from the amount of the royalties which would otherwise be due. Under paragraph 7 of Exhibit C, defendants are entitled to royalties upon the Airway sanitary system as a whole and all royalties are required to be paid upon "articles sold separate for use upon the cleaner which in any way relate or pertain to the art of cleaning," and a proper construction of this section requires that there be included within its terms and held subject to the payment of royalties, insectors, including paper bags used in connection therewith, and floor polishers and any other articles used in connection with the vacuum cleaner in its operation as such, apparatuses for waxing floors and eliminating moths and vermin from carpets, furniture and like articles, should be construed under the contract as relating and pertaining to the art of cleaning, provided always that such apparatuses are sold for use in connection with the operation of the cleaner, but subject to the limitations hereinafter stated.

Royalties are not required to be paid on hand-polisher, wax prepared and sold to be used therein, and wax prepared and sold for use without regard to whether it is to be used in hand-polisher or vacuum cleaner; nor are royalties required to be paid on Airway Safety Tread, made to be used to prevent rug skidding. The Airway Moth Control, put up in tin boxes and labelled "Especially prepared for and to be used in Airway Sanitary System Insector" is subject to royalties so long as put up and sold in the manner indicated on the label.

6. The plaintiff is entitled to relief by way of injunction and specific performance in accordance with the conclusions expressed, and a decree may be drawn accordingly in favor of the plaintiff.

WILLIAMS, LLOYD and ROBERTS, JJ, concur.